IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YO,

    Petitioner,

v.                                                       Civil Action No. 3:24CV161

NELSON SMITH,

    Respondent.

## MEMORANDUM OPINION

Yo, previously known as Mario Ballard, a Virginia detainee proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 5).[1] By Order entered on June 12, 2007, Yo was originally committed as a sexually violent predator. (ECF No. 10-3, at 1–4.) By Order entered on February 27, 2024, Yo was recommitted as a sexually violent predator. (ECF No. 10-1, at 1–3.) In his § 2254 Petition, challenges his most recent recommitment as a sexually violent predator. (ECF No. 5, at 2.) Yo contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim One | "Judicial biasness violating the 14[th] Amendment to the United States Constitution." (ECF No. 5, at 6.)[2] |
| Claim Two | "Judicial biasness . . . . Petitioner's judge lowered the bar for 'clear and convincing evidence' because the prosecution had nothing new to present to the court that would show he remained with a mental abnormality or personality disorder." (ECF No. 5, at 7.) |

---

[1] Yo filed his petition on the forms for filing a 28 U.S.C. § 2241 petition. However, because Yo challenges the judgment of state court, the Court concluded that he must proceed under 28 U.S.C. § 2254. (ECF No. 4.)
    The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling the quotations from Yo's submissions.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

> Claim Three    "Ineffective assistance of counsel . . . . While at the Petitioner's continued annual review hearing, his court-appointed counsel . . . told the judge that he wished Petitioner would just take conditional release, and that Petitioner 'must like it there,' meaning at the hospital, poisoning the mind of the court . . . ." (ECF No. 5, at 7.)

Respondent has moved to dismiss on the grounds that Yo failed to exhaust his state court remedies. Respondent and the Court provided Yo with appropriate *Roseboro* notice.[3] (ECF Nos. 9-1, 14.) Yo has responded. (ECF No. 12.) For the reasons set forth below, the Motion to Dismiss (ECF No. 9) will be GRANTED.

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Yo has failed to present his claims for relief to the Supreme Court of Virginia by either direct review or by collateral review. Yo fails to demonstrate he has exhausted his state remedies. Yo fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time. The Motion to Dismiss (ECF No. 9) will be GRANTED. Petitioner's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE because he has failed either to demonstrate that he has exhausted available state remedies or that exceptional circumstances warrant consideration of his petition at this juncture. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 10/28/2024
Richmond, Virginia